IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Jackie S.,                          :

       Plaintiff,               :

     v.                            :    Case No. 2:05-cv-0755

John M. Connelly, in his            :    JUDGE MARBLEY
capacity as Executive Director
of the Ohio Rehabilitation          :
Services Commissioner,
                                    :
       Defendant.

OPINION AND ORDER

    This matter is before the Court on a motion to intervene
filed by Dan R., David S., and Joshua B. ("intervenors").  On
August 10, 2005, Jackie S. filed a complaint against John M.
Connelly, in his capacity as Executive Director of the Ohio
Rehabilitation Services Commission, alleging, *inter alia*, that
certain portions of the Ohio Administrative Code are in violation
of the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§701 *et
seq*.  An amended class action complaint containing identical
causes of action was filed on November 3, 2005, and named Jackie
S. and five other plaintiffs (Victoria F., Mary W., Quinn M.,
Zach M., and Steven M.) as the class representatives.  On
December 9, 2005, the intervenors filed a motion to intervene and
tendered a separate class action complaint.  For the following
reasons, the motion to intervene will be granted.

I.

    Fed.R.Civ.P. 24 states, in relevant part:

        (a) Intervention of Right.  Upon timely
        application anyone shall be permitted to
        intervene in an action...(2) when the

applicant claims an interest relating to the
property or transaction which is the subject
of the action and the applicant is so
situated that the disposition of the action
may as a practical matter impair or impede
the applicant's ability to protect that
interest, unless the applicant's interest is
adequately represented by existing parties.

(b) Permissive Intervention.  Upon timely
application anyone may be permitted to
intervene in an action...(2) when an
applicant's claim or defense and the main
action have a question of law or fact in
common. ***

A. Intervention of Right

According to the Sixth Circuit Court of Appeals, an
applicant-intervenor must meet four criteria before intervention
is permitted: (1) the application must be timely; (2) the
intervenor must have a substantial, legal interest in the subject
matter of the pending litigation; (3) the intervenor's ability to
protect that interest must be impaired; and (4) the present
parties do not adequately represent the intervenor's interest.
Triax Co. v. TRW Inc., 724 F.2d 1224, 1227 (6th Cir. 1984).

*Timeliness*

According to the Triax court, in determining whether a
motion to intervene is "timely," a court should consider the
following factors: (1) the point to which the suit has
progressed; (2) the purpose for which intervention is sought; (3)
the length of time preceding the application during which the
proposed intervenor knew or reasonably should have known of his
interest in the case; (4) the prejudice to the original parties
due to the proposed intervenor's failure, after he or she knew or
reasonably should have known of his or interest in the case, to
apply promptly for intervention; and (5) the existence of unusual
circumstances militating against or in favor of intervention.
Id. at 1228.  Whether a motion is timely should be evaluated in

2

the context of all relevant circumstances.  <u>Bradley v. Milliken</u>, 828 F.2d 1186, 1191 (6th Cir. 1987).

In Mr. Connelly's memorandum in opposition to the motion to intervene, he argues that the motion to intervene is untimely because the plaintiffs' case is barred by *res judicata*. Specifically, Mr. Connelly contends that the plaintiffs failed to exhaust their administrative remedies as required in 29 U.S.C. §722(c).  Mr. Connelly states:

> For all intents and purposes, the Plaintiffs [sic] claims become moot after the Plaintiff's [sic] failed to timely appeal the Hearing Officer's decision on December 1, 2005.  Because Plaintiff's [sic] failed to properly adhere to the requirements of §722(c), the Intervenors are untimely in seeking intervention.  Had Steven M., Quinn M., and Zach M. followed the requirements of §722(c), and filed a timely complaint after the hearing officer's decision, then Intervenor's [sic] application would be valid and timely.  Because the Intervenors complied w/ [sic] the requirements of §722, Plaintiff's [sic] are attempting to breath [sic] life into their cause of action that has been long since deceased.

Memorandum in Opposition to the Motion to Intervene at pp. 4-5. This Court notes that Mr. Connelly fails to cite any case law in support of this proposition.

Chronologically, the motion to intervene was filed approximately one month after the amended class action complaint. Other than the filing of Mr. Connelly's motions to dismiss, the lawsuit has not made substantial progress.  Further, neither party has argued that there was unreasonable length of time during which the intervenors knew or reasonably should have known of their interest in the case.  Consequently, the Court need not evaluate whether the original parties were prejudiced for failing to promptly intervene.  Accordingly, after evaluating the

3

"timeliness" factors outlined in <u>Triax</u>, this Court concludes that the motion to intervene was timely.

*Interest*

The second prong of a Rule 24(a)(2) intervention is that the intervenor must have a direct and substantial interest in the litigation. <u>Grubbs v. Norris</u>, 870 F.2d 343 (6th Cir. 1989). The interest must be significantly protectable. <u>Donaldson v. United States</u>, 400 U.S. 517, 531 (1971).

In the instant case, Mr. Connelly admits that the intervenors have a substantial, legal interest in this case. Mr. Connelly states, "[d]efendants do not deny that Intervenors have an interest in the outcome of this litigation." Memorandum in opposition to the motion to intervene at p. 5. This Court agrees because the Intervenors' class action complaint is substantially similar to the plaintiffs' class action complaint, which indicates that the intervenors have a substantial, legal interest in the case.

*Impairment*

The third Rule 24(a)(2) requirement is that the disposition of the lawsuit will impair the intervenors' ability to protect its own interest. In <u>Grubbs</u>, the Court held that when evaluating the "impairment" requirement, a court may examine the effect the denial of intervention will have on judicial economy and the parties. <u>Grubbs</u>, 870 F.2d at 347. The Court stated:

> The [intervenor] has no ability to protect its interest other than intervention in this lawsuit. *** [If intervention is denied, the intervenor] will be left with the remedy of filing separate and individual lawsuits against the state to challenge the new Tennessee statute and the Governor's delayed intake directive. We believe that a plethora of such lawsuits would be counterproductive and would create years of unnecessary delay. Concerns of judicial economy and swift resolution of disputes counsel us to urge

4

that this related matter be addressed in this
primary lawsuit.

Id.

Like the intervention in Grubbs, if intervention is denied
in the instant case, the intervenors might be left with the
remedy of filing a separate lawsuit against Mr. Connelly alleging
that certain portions of the Ohio Administrative Code are in
violation of the Rehabilitation Act of 1973, as amended, 29
U.S.C. §§701 et seq., which is exactly the same claim made by the
plaintiffs here.  Separate lawsuits filed by allegedly similarly-
situated aggrieved parties would be counterproductive and would
cause delay.  This Court's concern for judicial economy and swift
resolution of the primary dispute counsels this Court, when
permitted by law, to address these issues in this primary
lawsuit.

*Interests Adequately Protected*

The final requirement in a Rule 24(a)(2) intervention is
that the intervenor must prove that the present parties do not
adequately represent the intervenor's interest.  Id.  That burden
is minimal because if the intervenor's interest is not
represented at all, or if all existing parties are adverse to the
intervenor, then the intervenor is not adequately represented.
Id. (citing 7C C. Wright, A. Miller & M. Kane, Federal Practice
and Procedure: Civil §1909 (1986)).  The question of adequacy
does not arise unless the intervenor is somehow represented in
the action.  Id.

In the instant case, it appears from the complaints filed by
both parties that the intervenors' interests are protected by the
plaintiffs.  Both the plaintiffs and the intervenors seek
injunctive relief declaring that certain portions of the Ohio
Administrative Code are in violation of federal law.  Further,
both the plaintiffs and the intervenors seek to enjoin

5

> the defendant from failing to provide
> services (including payment of tuition and
> books) to the plaintiff and others similarly
> situated in accordance with the provisions of
> the Ohio Administrative Code in effect prior
> to the amendment to O.A.C. 330-2-58 in May of
> this year until such time as the defendant
> may promulgate a regulation in conformity
> with federal law.

Amended Class Action Complaint at p. 33; see also Interventors'
Class Action Complaint at p. 4 (incorporating the relief as
stated in the Amended Class Action Complaint).  Accordingly, it
appears that the intervenors' interests are represented by the
plaintiffs, and, other than Mr. Connelly, there are no existing
parties that are adverse to the intervenors.  This Court cannot
conclude that the existing plaintiffs fail to adequately
represent the intervenors' interests.  See, e.g., Bradley, 828
F.2d at 1193 (interests adequately protected when present class
representative and proposed intervenors shared same ultimate
objective); Americans United for Separation of Church and State,
922 F.2d at 305-06 (interests not adequately represented when
current party is an adversary to proposed intervenor's interest
and party originally defending proposed intervenor's position
failed to appeal case); Grubbs, 870 F.2d at 347 (interests not
adequately represented when proposed intervenor's interests at
odds with original current parties).  Thus, intervention under
Fed.R.Civ.P. 24(a) is not appropriate.

### B. Permissive Intervention

Rule 24(b) grants a court discretionary power to permit
intervention if the motion is "timely" and the "applicant's claim
or defense and the main action have a question of law or fact in
common."  Fed.R.Civ.P. 24(b)(2).  Further, Rule 24(b)(2) states
that a court, when exercising its discretion, "shall consider
whether the intervention will unduly delay or prejudice the

adjudication of the rights of the original parties." <u>Id.</u>

As stated, *supra*, the intervenors' motion is timely. Moreover, based on the complaints filed by the plaintiffs and the intervenors, there is no doubt that the intervenors' claim and the main action have both common questions in law and fact. Put simply, both parties seek injunctive relief declaring that certain portions of the Ohio Administrative Code are in violation of federal law. Finally, Mr. Connelly has not claimed, nor could this Court find, any prejudice to the existing parties if this Court would grant permissive intervention pursuant to Rule 24(b)(2).

III.

In sum, because the requirements outlined in Rule 24(b)(2) are satisfied, the motion to intervene (doc. #23) is GRANTED. The Court orders that the Clerk file the Intervenors' Class Action complaint (doc. #23-2) in this cause of action.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the

filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.


/s/ Terence P. Kemp
United States Magistrate Judge