**IN THE UNITES STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| | : | |
| **JACKIE S.,** *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Case No. 2:05-CV-755 |
| v. | : | |
| | : | **JUDGE ALGERNON J. MARBLEY** |
| **JOHN M. CONNELLY,** | : | |
| in his capacity as Executive Director | : | Magistrate Judge Kemp |
| of the Ohio Rehabilitation Services | : | |
| Commission, | : | |
| | : | |
| Defendant. | : | |

## OPINION & ORDER

### I. INTRODUCTION

This matter comes before the Court on Defendant, John M. Connelly's, Third Motion to Dismiss. Defendant asserts that the Court must dismiss Plaintiff's Amended and Supplemental Complaint for failure to state a claim on which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth herein, the Court **GRANTS** Defendant's Motion to Dismiss.

### II. STATEMENT OF THE FACTS

#### A. Background

Title I of the Rehabilitation Act of 1973, 29 U.S.C. §701-753 ( "the Act"), is designed to promote increased employment opportunities, "economic self-sufficiency, independence, and inclusion and integration into society" for disabled Americans through federal and state actions. 29 U.S.C. § 701(b). Under Title I, states may receive federal assistance to create and maintain vocational rehabilitation programs for the disabled so that they may prepare for and engage in gainful employment. 29 U.S.C. §720(2)(b). In order to receive federal assistance

for a vocational rehabilitation program, the state must submit a three-year plan to the Commissioner of the State which meets the federal guidelines. 29 U.S.C. §721(A).

States that elect to participate in the program are bound by the federal guidelines and regulations set forth in the Act. 29 U.S.C. §721(A). One requirement of participation is that each state must designate a rehabilitation commission to "administer the plan or to supervise the administration of the plan by a local agency".  29 U.S.C. 721(a)(2)(A).  The Ohio Rehabilitation Services Commission ("ORSC") is unit designated to provide vocational rehabilitation to all people with disabilities. The Bureau of Vocational Rehabilitation ("BVR" or "the Bureau") is the division of ORSC that provides rehabilitation services to individuals with disabilities other than blindness or other visual impairments.

 In order for a state to receive funds for a given year, it must develop a plan for assisting the disabled and submit the cost of the plan to Congress for authorization. 29 U.S.C. §720 (b),(d). To be authorized, the submitted plan must include the assurance that an individualized plan of employment ("IPE") will be created for and used by all individuals that are eligible for the program. 29 U.S.C. §721 (a)(9).  Each IPE should contain a statement of the assistance that is available to the individual as determined by a counselor, and must be signed by both counselor and individual. 29 U.S.C. §721(b)(2)©). In the event that a dispute arises between an individual and his/her counselor concerning the IPE, the individual has a right to an administrative appeal to an impartial hearing officer, to the BVR supervisor, and to BVR's administrator. See 29 U.S.C. §722 (b)(2)(E), (c)(5).

In 2005, administrative rule O.A.C. §3304-2-58 was implemented to regulate the

2

amount of financial assistance that the state of Ohio would allot to each eligible individual

seeking post-secondary education.  O.A.C. §3304-2-58 reads:

(1) The consumer shall apply for financial aid by completing and submitting the free
application for federal student aid (FAFSA), when the school participates in federal
student aid programs.

(2) The consumer shall submit a copy of his/her student aid report (SAR) to his/her
counselor for each academic year for which RSC is authorizing post-secondary
educational training. The EFC (which stands for Expected Family Contribution) listed on
the SAR shall be used in calculating the consumer's financial need.

(3) The consumer shall be required to contribute fifty percent of the EFC for the
2005/2006 academic year, and seventy-five percent of the EFC for the 2006/2007
academic year, and one-hundred percent of the EFC for each succeeding academic year .

(4) Consumers who receive supplemental security income (SSI) or social security
disability of the Ohio Revised Code, are provided post-secondary educational training
services without applying the financial needs test specified in paragraph (H)(3) of this
rule.

(5) The RSC contribution to post-secondary educational expenses shall be computed by
subtracting the following from the cost of post-secondary educational expenses: the
combined total of all grant monies, comparable benefits, and the percentage of the EFC
to be paid by the consumer, as described in paragraph (H)(3) of this rule. All awards and
scholarships awarded to the consumer shall be applied to the EFC.

At the same time, O.A.C. §3304-2-58(I) limits the time allotted for an individual

receiving aid pursuant to the Rehabilitation Act to complete each academic year of post-

secondary education to a maximum of eighteen consecutive months.  O.A.C. §3304-2-

58(I) reads:

(I) To continue receiving RSC sponsorship, a consumer shall demonstrate satisfactory
progress in accordance with paragraph (B) of this rule and shall have a maximum of
eighteen consecutive months to complete each academic year of post-secondary
educational training as defined by the degree program. The appropriate area manager
and/or designated assistant area manager shall request, with justification, approval from
the bureau director and/or his/her designee to extend the time limit.

3

O.A.C. §3304-2-58(I) (2006). Together, O.A.C. 3304-2-58(H) and (I) are referred to as the "college training rule."

## B. Facts

### 1. Facts Related to Jackie S.

Plaintiff, Jackie S., who suffers from disorders that limit her ability to comprehend and to follow complex instructions, applied for and was made eligible for BVR rehabilitation services on September 4, 2004. Pls.' Amended Complaint ¶ 19, 89. Jackie S.' father alleges that when he contacted BVR in 2004 to discuss the prospect of his daughter going to college, BVR representatives told him that the Bureau would pay for her college tuition, and that Jackie S., through her family, would be responsible for paying for the cost of her books. *Id.* ¶ 91. Jackie S.' father asserts that based on his conversations with BVR, he placed Jackie S. in Youngstown State University, a private secondary school that could accommodate her disability needs, which cost him approximately $15,000 annually. *Id.* ¶ 92, 94. After ORSC promulgated the amended college training rule, however, Jackie S. Was required to contribute 50% of the EFC toward the expenses of her 2005-06 academic year, amounting to 7,500. Id. ¶ 105. Jackie S.' father argues that had he known that BVR would not cover Jackie S.' tuition costs, he would not have sent her to a private school. Id. ¶ 93. Moreover, Jackie S.' father asserts that in making its calculations, BVR failed to list Jackie's IPE allowance of $1,000 per year for transportation costs, and that, had it included that amount, BVR would have been required to contribute more money to Jackie S.' educational expenses. Id. ¶ 106-09.

On June 14, 2005, Jackie S.' father sent a letter to his daughter's BVR counselor asking if there was any provision allowing the counselor to waive the requirements of

4

O.A.C. §3304-2-58(H) as amended.  Complaint ¶110.  The counselor responded by letter on June 23, 2005 that he was unaware of any provision in the college training rule to request a waiver except "to file and appeal." Id. ¶111.

In late August, Jackie S. Learned that Youngstown State University calculates the cost of attendance for a student living at home differently from the manner in which her BVR counselor calculated her cost of attendance under O.A.C. §3304-2-58(H).  Complaint ¶118.  Accordingly, on August 28, 2005, she contacted her counselor to request that her IPE be amended to take the University's calculation methods into account.  Id. ¶120.  Her request was denied on August 31, 2005, and on that date, a letter was sent to Defendant on Jackie S.' behalf requesting an administrative appeal to challenge the validity of her BVR counselor's decision not to amend her IPD.  Id. ¶121-22.  By letter, dated September 14, 2005, Defendant, through and agent, sent Jackie S. A letter denying her request for a hearing.

### 2. The Initial Complaint

In addition to requesting an administrative hearing from BVR, on or about August 10, 2005, Plaintiff, Jackie S., filed suit against Defendant, John M. Connelly, in his official capacity as Executive Director of ORSC, seeking relief under Title I of the Rehabilitation Act, its accompanying regulations as enforced through 42 U.S.C. §1983, and the Supremacy Clause of the United states Constitution, Pl.'s Original Complaint ¶ 1.  In her Complaint, Plaintiff alleged that O.A.C. §3304-2-58(H), as amended on or about May of 2005, is contrary to federal statutes and regulations.  Id ¶ 9.  Plaintiff sought to declare said administrative code provision in violation of federal law and requested both declaratory and injunctive relief against Defendant to prevent ORSC and BVR from enforcing the newly-

5

adopted regulations.  *Id*.

On September 15, 2005, Steven M., Quinn M., and Zach M. were given administrative hearings before an impartial hearing officer pursuant to Section 102 of Title I of the Rehabilitation Act, 29 U.S.C. § 722.  *See* Def.'s Motion to Dismiss at 2.  On November 16, 2005, the officer rendered a decision in favor of BVR, denying each of their claims.  *Id*.

On or about October 11, 2005, Defendant filed its First Motion to Dismiss Plaintiff's Complaint for lack of subject matter jurisdiction and failure to state a claim on which relief can be granted.  In response, Plaintiff filed an Amended Complaint adding named Plaintiffs, Victoria F., Mary W., Quinn M., Zach M., and Steven M., to her action.  Shortly thereafter, on November 10, 2005, Plaintiffs filed for a Motion for Preliminary Injunction and Interim Class Certification.

### 2. Plaintiffs' Amended Complaint

On November 3, 2005, Plaintiffs filed an Amended Complaint. Plaintiffs' Amended Complaint asserts a class action lawsuit on behalf of themselves and all individuals who have been found eligible or who may in the future be found eligible to receive post-secondary training as a service as part of their IEPs under the vocational rehabilitation provisions of Title I of the Rehabilitation Act.  The representative plaintiffs are people with disabilities who have been found to receive rehabilitation services from ORSC.

Specifically, Plaintiffs challenge the legality of the college training rule, O.A.C. § 3304-2-58(H) and (I) under Title I of the Rehabilitation Act and its accompanying regulations, as well as under the Due Process Clause and the Supremacy Clause of the United States

6

Constitution.

### 3. The Parties' Dispute

On or about November 13, 2005, Plaintiffs filed a Motion for Production of the Record of Administrative Appeal under Seal, and on November 22, 2005, the Court scheduled a preliminary injunction hearing for December 116, 2005. On November 30, 2005, Defendant filed his Second Motion to Dismiss Plaintiffs' Amended Complaint.

The parties later reached a settlement agreement with regard to the preliminary injunction issue. Accordingly, on November 25, 2005, Plaintiffs voluntarily dismissed Count II of their Amended Complaint, which sought to enforce the requirements of Title I of the Rehabilitation Act and its accompanying regulations through 42 U.S.C. §1983. Further on December 6, 2005, Plaintiff, Victoria F., dismissed all of her remaining claims pursuant to Rule 41 in order to proceed with her administrative claims. The following three causes of action remain.

The Amended Complaint contained the following causes of action.

### a) First Cause of Action- Contribution Requirement and Time Limit of O.A.C. §3304-2-58(H) and (I) Violate Title I of the Rehabilitation Act and its Regulations.

Plaintiffs' First Cause of Action asserts that the contribution requirement and the time limit required by the amended Ohio college training rule violate Sections 102 and 103 of the Rehabilitation Act (29 U.S.C. §722-23). Pls.' Amended Complaint ¶ 209. Plaintiffs assert that the college training rule is contrary to federal law in that it: (1) fails to consider "*only* the financial situation of eligible plaintiffs"; (2) fails to ensure that the plaintiffs participation is the cost of vocational rehabilitation services is reasonable; (3) places so high a burden on the plaintiffs seeking to receive vocational rehabilitation training through post-secondary

7

education that it effectively denies a necessary service; (4) places an arbitrary limit on the nature of the vocational services to be provided to the plaintiffs; (5) fails to consider disability related needs and expenses; (6) treats similarly situated individuals differently; (7) sets forth no mechanism and criteria for waiver; and (8) uses criteria for measuring financial need that do not reflect current financial circumstances, and thus, conflicts with Title I of the Rehabilitation Act and its accompanying regulations, specifically, 34 C.F.R. § 361.48, 361.50(a) & ©) and 361.54(b). *Id.*

### b) Third Cause of Action - O.A.C. §3304-2-58(H) & (I) Conflict with Federal Law and Violate Plaintiff's Due Process Rights.

Plaintiffs allege that Defendant's action, while acting under color of state law, of promulgating and implementing the arbitrary Ohio college training rule, violated the Due Process Clause of the 14th Amendment to the United States Constitution as enforced through 42 U.S.C. §1983.  Pls. Amended Complaint ¶ 216-19.

### c) Fourth Cause of Action - O.A.C. §3304-2-58(H) & (I) Conflict with Federal Law and are Invalid via Operation of the Supremacy Clause of the United States Constitution.

Plaintiffs assert that because the college training rule violated Sections 102 and 03 of Title I of the Rehabilitation Act (29 U.S.C. §722-23), and its accompanying regulations, specifically, 34 C.F.R. §361.48, 361.50(a) and 361.54(b), and because te rule stands as an obstacle to the accomplishment and execution of the "full purposes and objectives of Congress as set forth In [Title I of the] Rehabilitation Act." the rule is preempted by federal law, and is invalid pursuant to the Supremacy Clause of the United States Constitution.  Pls.'

Amended Complaint ¶ 220-23.

### d) Requested Relief

Plaintiffs ask the Court for the following relief.  First, they request that the Court issue an order declaring both O.A.C. § 3304-2-58(H) & (I) to be in violation of Plaintiffs' rights under Title I of the Rehabilitation Act and invalid under the Supremacy Clause of the United States Constitution.  Pls.' Amended Complaint at 33.  Second, Plaintiffs ask the Court to enjoin prospectively Defendant from failing to provide services to the class members in accordance with the Provisions of the Ohio Administrative Code that were in effect prior to the passage of the college training rule in May 2006, until such time as the Defendant may promulgate a regulation in conformity with federal law.  *Id*.  third, Plaintiffs request their costs and reasonable attorney's fees, and any other relief as the Court shall deem reasonable and proper.  *Id*.

### 4. The Intervenors

 On December 9, 2005, Dan R., Craig V., David S., and Joshua B. (Collectively "intervenors") filed a motion to intervene, which the magistrate judge granted on February 17, 2006.  Defendant filed its First Motion to Dismiss Intervenors Complaint on January 19, 2006.

On April 27, 2006, the Court granted Defendant's Motion to stay Consideration of Plaintiff's Motion for Class Certification pending its decision or both Defendant's Second Motion to Dismiss Plaintiff's amended complaint and Defendant's Motion to Dismiss Intervener' complaint.  The Defendant's various motions o dismiss are now ripe for review**.**

### C. Procedural History
### 1. Defendant's Second Motion to Dismiss

Defendant filed his Second Motion to Dismiss Plaintiff's Complaint on November 30, 2005, claiming that this court lacked subject matter jurisdiction and that the complaint failed to state a claim on which relief can be grated.  The Court granted Defendant's motion to dismiss but permitted Plaintiffs to re-file and cure their defective pleadings. (This Court's Opinion, July 20, 2006)

### 2. Plaintiffs' Second Amended Complaint

On August 9, 2006, Plaintiff filed a Second Amended Complaint.  The Causes of Action contained therein are as follows: (1) O.A.C. 3304-2-58(h) and (I) violate the Supremacy Clause of the U.S. Constitution; (2) O.A.C. 3304-2-58(h) and (I) violate Plaintiffs' right to due process of law as guaranteed by the 14th Amendment to the constitution and enforced through 42 U.S.C. Section 1983; and (3) the decisions of the hearing officers must be reversed because they violated the Rehabilitation Act. These arguments, legal or otherwise, for the most part, mirror the assertions of the first complaint. They have been explained in detail above and will be further addressed below.

### 3. Defendant's Third Motion to Dismiss

On August 17, 2006, Defendant filed the instant Third Motion to Dismiss Plaintiffs' Second Amended and Supplemental Class Action Complaint for failure to state a claim upon which relief may be granted. Plaintiffs filed a Response Memorandum on August 28, 2006 and Defendants replied.  Accordingly, Defendant's Motion is now ripe for the court's review.

### III. STANDARD OF REVIEW
#### A. Failure to State a Claim

The purpose of a Rule 12(b)(6) Motion to Dismiss is to test the sufficiency of the complaint. *Davis H. Elliot Co., Inc. v. Caribbean Utils. Co.,* 513 F.2d 1176, 1182 (6th Cir. 1975). When considering such motion, a court must construe the complaint in the light most favorable to the plaintiff and accept as true all "factual allegations and permissible inferences therein." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Legal conclusions framed as factual allegations, however, are accorded no such presumption. *Lewis v. ACB Bus. Serv., Inc* . 135 F.3d 389, 405 (6th Cir. 1998). A complaint should not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the [p]laintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lillard v Shelby County Bd. of Educ.*, 76 F.3d 716, 724 (6th Cir. 1996) (quoting *Conley v. Gibson* , 355 U.S. 41, 45-46 (1975)). The court's focus is on whether the plaintiff is entitled to offer evidence to support the claims, and not on whether the plaintiff will ultimately prevail. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). "Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Id.*

A plaintiff need not include all the particularities of the claim against the defendant in order to survive a 12(b)(6) motion. *Brooks v. am. Broad. Co., Inc.,* 932 F.2d 495, 497 (6th Cir. 1991). Pursuant to the Federal Rules of Civil Procedure, the complaint need only set forth the basis of the court's jurisdiction, a short and plain statement of the claim entitling the plaintiff to relief, and a demand for judgment. *See* Fed. Rule. Civ. Pro. 8(a). A court will grant a motion for dismissal under 12(b)(6) only if there is an absence of law to support a

claim of the type made or of facts sufficient to make a valid claim, or if on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim. *Cmty. Mental Health Serv. v. Mental Health and Recovery Bd.,* 395 F. Supp. 2d 644, 649 (S.D. Ohio 2004).

## IV. ANALYSIS

### 1. O.A.C. 3304-2-58 (H) and (I) Does Not Violate the Supremacy Clause of the U.S. Constitution

Plaintiffs' assert that O.A.C. §3304-2-58(H) and (I) are in violation of 34 C.F.R. 361 *et. seq.* in that they: (1) take into account the financial status of the individual's family and not the individual; (2) do not have criteria for a waiver to take into account individual circumstances; (3) are unclear as to what vocational rehabilitation services they cover; (4) have no mechanism to take into account disability related needs; (5) do not assure that the individual's required financial participation is not so high as effectively to deny the individual a necessary service; (6) sets and absolute time limit on the provision of vocational rehabilitation services without consideration of individual need; and (7) fails to set forth a mechanism for an individual to seek a time extension.

*See* Pls.' Amended Complaint ¶180.

These arguments are identical to those stated in the original complaint and were all addressed in the Court's first dismissal order. As previously stated in the first dismissal order, according to the Supremacy Clause of the United States Constitution:

[this] Constitution, and the laws of the United States which shall be made in Pursuance thereof; and all Treaties made or which shall be made, under the Authority of the United States, shall be the supreme Law of the Lane; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

U.S. Const. Art. VI, cl. 2.

Under the doctrine of preemption, state laws that "interfere with, or are contrary to the laws of Congress, made in pursuance of the constitution" are preempted. *Gibbons v. Ogden*, 22 U.S. 1, 9 (1824). A conflict arises where "compliance with both state and federal law is a "physical impossibility" or where the state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Lankford v. Sherman*, 451 F.3d 496, 510 (8th Cir. 2006) (citations omitted).   In determining whether the state law is indeed in violation of and therefore pre-empted by federal law, the court "begins with a presumption that the state statute is valid, and [then asks] whether petitioner shouldered the burden of overcoming that presumption." *Planned Parenthood of Houston & Southeast Tex.*, 403 F.3d 324, 330 (5th Cir., 2005). There is no evidence that the restrictions imposed by the state laws O.A.C. 3304-2-58 (H) and (I) are in conflict with federal law. The fact that these laws may curtail the ability of eligible participants to secure funds or restrict the time within which the program must be completed does not provide sufficient basis for preemption. *See*, *Id.* (accepting that the fact that a state program imposes an additional "modest impediment" to eligibility for federal funds does not provide a sufficient basis for preemption)*; Pharmaceutical Research of Mfrs. of America v. Walsh* , 538 U.S**.** 664, 666 (2003) (allowing that the "mere fact that state's prescription drug rebate program might impose a modest impediment on Medicaid receipts' access to prescription drugs provided at government expense did not provide sufficient basis for preemption).

The court again finds that the Plaintiff's first cause of action is too vague and fails to state a claim on which relief can be granted. Plaintiffs fail to state an aspect of the college training rule that is capable of being preempted by the Rehabilitation Act and its federal

regulations. College training rule §3304-2-58(H), through its use of the FAFSA, imposes only "modest impediments" on the accessibility of federal funding. Additionally, O.A.C. §3304-2-58 provides that the eighteen month time limit can be overcome if "the appropriate area manager and/or designated assistant area manager…request[s], with justification, approval from the bureau director and/or his/her designee to extend the time limit." O.A.C. §3304-2-58 (I).  Therefore, there is essentially no impediment to receipt of federal funding that cannot be overcome. Since both sections of the college training rule involve only "modest impediments" to the receipt of federal funding and since it is possible to comply with both OAC 3304-2-58 and 29 USC 772-4 at the same time, no preemption has occurred. Therefore the court finds that Plaintiffs' first cause of action cannot survive Defendant's Motion to Dismiss. The Court **GRANTS** Defendant's Motion to Dismiss Plaintiffs' First Cause of Action.

### 2. O.A.C. 3304-2-58 (H) and (I) Do Not Violate Plaintiffs' Rights to Due Process Under the 14th Amendment of the U.S. Constitution

Plaintiffs assert that O.A.C. §3304-2-58 violates their Fourteenth Amendment rights because it fails to set out specific standards that necessarily must be met in order for a participant to request a waiver to the eighteen month rule. *See* Pls.' Amended Complaint ¶202.  Plaintiffs' claim they have a "property interest in receiving vocational rehabilitation services that would enable them to reach their employment outcome and thus cannot be denied those services without due process." *See* Pls.' Amended Complaint ¶185. According to their amended complaint, "[d]ue process requires that plaintiffs be permitted to rebut the presumption that they can pay the required percentage of the EFC before they can be deprived of a service needed to reach their vocational goal." See Pls.' Amended Complaint ¶190. Plaintiffs assert that in order to rebut the presumption, there must be set standards

-14-

upon which to rest the rebuttal.

Determination of the procedures that "due process may require under any given set of circumstances must begin with a determination of the precise nature of the government function involved as well as of the private interest that has been affected by governmental action." *Cafeteria Restaurant Workers Union, Etc. v. McElroy,* 367 U.S. 886, 895 (1951). The "Due Process Clause's procedural component does not protect everything that might be described as a government 'benefit'; "to have a property interest in a benefit, a person... must... have a legitimate claim of entitlement to it." *Town of Castle Rock, Colo. v. Gonzales* 545 U.S. 748, 748 (2005) (citations omitted). An entitlement exists if the property right is created by "rules or understandings stemming from an independent source such as state law" or if the benefit is one that officials do not have the discretion to grant or deny. *Id* at 748. Only if a plaintiffs' right to life, liberty, or property, is hindered, is notice and a hearing necessary under the Due Process Clause. *U.S. v. Salerno*, 481 U.S. 739, 746 (1987).

There is nothing in the either 29 U.S.C. §701-753, O.A.C. 3304-2-58, or any other rule or state law that suggests handicapped persons have an entitlement to receive federal funds for vocational training. According to 29 U.S.C. §722 (a)(3)(B), "Nothing in this paragraph shall be construed to create an entitlement to any vocational rehabilitation service." Because Plaintiffs' are not entitled to federal funding, they do not have a property interest. As such, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiffs' Second Cause of Action.

### 3. The Hearing Officer's decisions to uphold O.A.C. §3304-2-58 does not violate the Rehabilitation Act and as such need not be reversed.

Plaintiffs state that because O.A.C. 3304-2-58(h) is in conflict with the requirements of federal law because it "(a) fails to ensure that the level of the plaintiffs' participation in

-15-

the cost of vocational rehabilitation services is reasonable, based on their financial need, including consideration of any disability related expenses paid by the plaintiff... [and] (b) places an arbitrary limit on the nature and scope of vocational rehabilitation services to be provided to the plaintiffs." Pls. Amended Compl. ¶ 202.  As such, plaintiffs claim that the decisions to uphold it are in violation of the Rehabilitation Act and as a result they are entitled to a reversal of the hearing officers' decisions concerning their cases. As discussed above, in section one, and earlier in this Court's first Dismissal Order, O.A.C. 3304-2-58 does not violate the Rehabilitation Rule.  Therefore, the Court **GRANTS** Defendant's Motion to Dismiss.

## V. CONCLUSION

For the foregoing reasons, the court **GRANTS** Defendant's various Motions to Dismiss for failure to state a claim on which relief can be granted.  This action is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

    __s/Algenon L. Marbley_____
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: August 9, 2007**